**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TRIAD AT JEFFERSONVILLE I, LLC *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:08cv00329 (CKK) |
| v. | ) | |
| | ) | |
| MICHAEL O. LEAVITT *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ALTER OR
AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

Having fully litigated but lost this case, Plaintiffs now ask the Court to change the basis of its holding so that the Court's decision will not adversely affect Plaintiffs' future litigation position. In particular, Plaintiffs ask this Court either to "clarify" that the merits portion of its jurisdictional decision does not reflect an issue "actually adjudicated" or to vacate the merits portion of its decision altogether. *See generally* Pls.' Mot. to Alter or Amend J. Pursuant to Fed. R. Civ. P. 59(e) (May 5, 2008) ("Pls.' Mot."). In the course of this argument, Plaintiffs suggest that the Court improperly addressed the merits when it lacked jurisdiction to do so, *see id.* at 2, 3, 5, and they characterize the Court's holdings as mere "comments," *id.* at 6.

The Court's merits analysis, however, was part of its jurisdictional determination and, in the context of that jurisdictional determination, reflects an "actual adjudication" of the likelihood that Plaintiffs would ultimately succeed on the merits of their claims. Defendants therefore oppose any modification or clarification of the Court's order _except_ a limited clarification that the Court did not actually adjudicate the merits but actually adjudicated its jurisdiction, including the likelihood that Plaintiffs would ultimately succeed on the merits of their claims.

## STANDARD OF REVIEW

"Rule 59(e) motions need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quotations omitted). Importantly, "[a] motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment after its entry is not routinely granted." *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996). "Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

## ARGUMENT

### I.    The Court Should Not Vacate Any Part of Its Decision.

Plaintiffs' argument that this Court should vacate the merits portion of its decision rests on the faulty premise that the Court's merits analysis was distinct from its jurisdictional determination. In particular, Plaintiffs complain that "the Court addressed the merits of Triad's fraud claim in denying Triad's motion to amend the complain [*sic*], *and not in connection with the threshold jurisdictional issue*." *See* Pls.' Mot. at 5 (emphasis added). To the contrary, however, this Court did adjudicate the likelihood of success on the merits of Plaintiffs' claims for the express purpose of evaluating "the threshold jurisdictional issue." Vacating any portion of this jurisdictional analysis on the basis that it was not "actually adjudicated" would therefore be improper and would leave the Court's decision incomplete.

In response to Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment, Plaintiffs attempted to amend their Complaint to assert two new jurisdictional bases: (1) § 405(g) of the Social Security Act; and (2) the All Writs Act, 28 U.S.C. § 1651. *See generally*

Pls.' Mot. for Leave to File Am. Compl. (Mar. 31, 2008).  This Court therefore "decide[d] whether Triad's proposed amendments to its Complaint provide the Court *with a proper basis to exercise jurisdiction* or whether the amendments would be futile."  Memo. Op. (Apr. 21, 2008) at 15 (emphasis added).  The Court's jurisdictional decision in this respect rested upon an evaluation of the merits, which were fully briefed by both parties.

First, jurisdiction under § 405(g) requires a "final decision" of the Secretary and, hence, the exhaustion of administrative remedies.  42 U.S.C. §405(g).  Because Plaintiffs admittedly failed to exhaust their administrative remedies, the Court necessarily considered whether Plaintiffs were entitled to a waiver of the exhaustion requirement.  In doing so, the Court "examined the merits of Triad's claims as part of its inquiry into whether Triad has established that it would suffer irreparable injury without a waiver of the exhaustion requirements under § 405(g)."  Memo. Op. at 24.  Because (as the Court held) Plaintiffs were not likely to succeed on the merits of their claims before the agency, Plaintiffs could not possibly suffer harm as a result of the Court's failure to waive the administrative exhaustion requirement.  The Court's jurisdictional determination therefore turned in part on its merits analysis.[1]

Second, jurisdiction under the All Writs Act would have required Plaintiffs to demonstrate, *inter alia*, a likelihood of success on the merits.  *See, e.g.*, *V.N.A. of Greater Tift County, Inc. v. Heckler*, 711 F.2d 1020, 1033-34 (11th Cir. 1983).  The Court therefore

---

[1]    The Court also suggested that it lacked jurisdiction under § 405(g) because Plaintiffs had failed to demonstrate that "'collection of the $2.0 Million overpayment would leave Triad without a judicial remedy'" and that "that decision alone suggests that Triad is not susceptible to irreparable injury or that exhaustion is futile."  Memo. Op. at 24.  Instead of holding that it lacked jurisdiction under § 405(g) on this basis alone, however, the Court held that it lacked jurisdiction under § 405(g) because Plaintiffs were not likely to succeed on the merits and therefore would not suffer irreparable injury.  *See id.* ("The Court has examined the merits of Triad's claims as part of its inquiry into whether Triad has established that it would suffer irreparable injury without a waiver of the exhaustion requirements under § 405(g). . . .  Triad's claims fail on the merits, and accordingly, its proposed amendments would be futile.").

"examined the merits of Triad's claims as part of its inquiry into . . . whether Triad has shown a likelihood of success on the merits to obtain an injunction under the All Writs Act."  Memo. Op. at 24.  Because (as the Court held) Plaintiffs were not likely to succeed on the merits of their claims before the agency, Plaintiffs were not entitled to an injunction that would have prevented the agency from initiating recoupment until Plaintiffs had exhausted their administrative remedies.  Again, the Court's jurisdictional holding turned on its merits analysis.

The Court therefore "actually adjudicated" the jurisdictional issue, a fundamental component of which was its analysis of likely success on the merits.  For this reason, no portion of the Court's decision – including its holding regarding the likelihood of success of Plaintiffs' claims on the merits – should be vacated.  This conclusion applies equally to the Court's analysis of Plaintiffs' fraud claims, about which Plaintiffs seem particularly concerned.  *See* Pls.' Mot. at 6-10.  To vacate the Court's fraud analysis would leave the Court's jurisdictional holding incomplete because it would eliminate any discussion of the likely success of one of the merits arguments Plaintiffs explicitly chose to raise.

## II.     Defendants Do Not Oppose Limited Clarification of the Court's Order.

Defendants do acknowledge, however, that this Court's jurisdictional decision, including its discussion of likely success on the merits, should have no preclusive effect in a subsequent agency or judicial adjudication of the actual merits.  *See* Charles A. Wright et al., 18A *Fed. Practice & Procedure Jurisdiction 2d* § 4436 ("Civil Rule 41(b) provides that a dismissal for lack of jurisdiction . . . does not operate as an adjudication upon the merits.").  *Cf. Comm'y Nutrition Inst. v. Block*, 749 F.2d 50, 56 (D.C. Cir. 1984) (issues litigated in preliminary injunction action had no preclusive effect in subsequent litigation).  Accordingly, Defendants do not believe the Court's decision would preclude Triad from arguing the merits of its claims to its

4

fiscal intermediary, to the Provider Reimbursement Review Board, or to a court reviewing the

Secretary's final determination.  Nor do Defendants believe that the Court's decision would

preclude Triad from arguing, in a subsequent action against Mariner, that Mariner engaged in

fraud, much less that Mariner had improperly retained payments for services actually performed

by Triad.  In Defendants' view, this Court's jurisdictional-related merits analysis should be

considered by subsequent merits adjudicators only for its precedential value, not its preclusive

effect.

Accordingly, although Defendants believe the Court's order speaks for itself on this

point, Defendants do not object to this Court clarifying that its holding regarding Plaintiffs'

likelihood of success on the merits was not an "actual adjudication" of the merits but was instead

an actual adjudication of the Court's jurisdiction under 42 U.S.C. § 405(g) and the All Writs Act,

including the likelihood of success of Plaintiffs' claims on the merits.

Respectfully submitted,

`

GREGORY G. KATSAS
Acting Assistant Attorney General

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

s/ Wendy M. Ertmer
WENDY M. ERTMER
DC Bar No. 490228
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue NW, Room 7218
Washington, DC  20530
Telephone:  (202) 616-7420
Fax:  (202) 616-8470
Email:  wendy.ertmer@usdoj.gov

*Counsel for Defendants*

Dated:  May 16, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2008, a copy of the foregoing pleading was filed

electronically via the Court's ECF system, through which an electronic notice of filing will be

sent to the following counsel of record:

        Jack C. Tranter        jtranter@gejlaw.com
        Thomas C. Dame     tdame@gejlaw.com

                        s/ Wendy M. Ertmer
                        WENDY M. ERTMER