UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRIAD AT JEFFERSONVILLE I, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services, *et al*. <br><br> Defendants. | Civil Action No. 08-329 (CKK) |

**MEMORANDUM OPINION**
(June 2, 2008)

Plaintiffs Triad at Jeffersonville I, LLC; Triad at LaGrange I, LLC; Triad at Lumber City I, LLC; Triad at Powder Springs I, LLC; and Triad at Thomasville I, LLC (collectively "Triad") have filed the instant [18] Motion to Alter or Amend the Court's Judgment issued on April 21, 2008.  *See* [16] Order and [17] Mem. Op. (April 21, 2008).  Defendants Michael O. Leavitt, in his official capacity as Secretary of the United States Department of Health and Human Services, Kerry N. Weems, in his official capacity as Administrator of the Centers for Medicare and Medicaid Services, the United States Department of Health and Human Services, and the Centers for Medicare and Medicaid Services (collectively "CMS") filed an Opposition to Triad's Motion on May 16, 2008.  Triad did not file a Reply.

Because Triad's Motion was filed within 10 days of the Court's April 21, 2008 Order and Memorandum Opinion,[1] the Motion is subject to review under Federal Rule of Civil Procedure

---

[1] Federal Rule of Civil Procedure 6(a) instructs that in computing a time period specified in the Federal Rules of Civil Procedure, "intermediate Saturdays, Sundays, and legal holidays

59(e). A motion for reconsideration under Rule 59(e) "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citations omitted).

The instant Motion asks the Court to vacate a portion of its Opinion because, according to Triad, the Court improperly addressed the merits of Triad's claims even though it held that it lacked subject-matter jurisdiction. The Motion largely ignores the implications of Triad's Motion to Amend the Complaint in this case, which asked the Court to waive the administrative exhaustion requirements under 28 U.S.C. § 405(g), and to impose an injunction under the All Writs Act, 42 U.S.C. § 1651. As the Court explained in its April 21, 2008 Opinion, the Court

> examined the merits of Triad's claims as part of its inquiry into whether Triad has established that it would suffer irreparable injury without a waiver of the exhaustion requirements under § 405(g), and whether Triad has shown a likelihood of success on the merits to obtain an injunction under the All Writs Act.

Mem. Op. at 24. Accordingly, the Court has no basis to vacate any portion of its April 21, 2008 Opinion.

Nevertheless, the Court agrees with the Parties that its April 21, 2008 Opinion was contextually limited to the dispute between Triad and CMS on the record before the Court. Whether Mariner may be liable to Triad for the amount of the overpayment discussed in the Court's April 21, 2008 Opinion (for fraud or any other reason) is an issue that the Court expressly did *not* reach. *See* Mem. Op. at 32 ("While Mariner may be liable to Triad for the amount of the overpayment . . . the Court expresses no opinion one way or the other on that

---

[are excluded] when the period is less than 11 days." Fed. R. Civ. P. 6(a)(2).

issue . . .").

The Court shall therefore deny Triad's [18] Motion to Alter or Amend Judgment. An appropriate Order accompanies this Memorandum Opinion.

Date: June 2, 2008

                                                 /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge